# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

WILLIAM J. BENNETT, III,

        Plaintiff,

   v.

SUNOCO, INC.,

        Defendant.

No. 10-cv-2559

### Memorandum Order

March 21, 2011

Plaintiff's complaint alleges that defendant, his former employer, racially discriminated against him by failing to promote him and by constructively terminating him in violation of 42 U.S.C. § 1981. *See* Dkt. 1. Defendant has filed a motion to dismiss the complaint in part, or, in the alternative, a motion for partial summary judgment. *See* Dkt. 8. For the following reasons, defendant's motion for partial summary judgment will be granted.

**I. Background**

Plaintiff William J. Bennett, III, is an African-American male and former employee of defendant Sunoco, Inc., a petroleum refiner and petrochemical manufacturer

1

headquartered in Philadelphia. Plaintiff began working for defendant in June 1999 as a Human Resources Associate I. His complaint alleges that, beginning in 2008, he "was subjected to a continuous and pervasive pattern and practice of racial discrimination by Sunoco." Complaint ¶ 6. More specifically, plaintiff alleges that, in February 2008 and May 2008, he was twice denied promotion opportunities in favor of white women for racially discriminatory reasons. *Id.* ¶ 9(a), (c). Plaintiff alleges that, on May 5 and July 10, 2008, he filed internal complaints alleging that his non-selection for those positions was the result of racial discrimination, and that the defendant conducted sham investigations which determined that his complaints were unfounded. *Id.* ¶ 9(b), (d). Plaintiff further alleges that on April 1, 2009, he was constructively discharged through a discriminatory layoff. *Id.* ¶ 9(e).

Count I of plaintiff's complaint incorporates all the factual allegations in the complaint, *id.* ¶ 17, and alleges that "Sunoco has discriminated against Plaintiff by denying him the same rights as enjoyed by White employees with respect to the terms and conditions of their employment relationship with Sunoco and to the enjoyment of all benefits, privileges, terms and conditions of that relationship," in violation of 42 U.S.C. § 1981. *Id.* ¶ 18. Plaintiff's prayer for relief asks this court to, among other things, (1) declare "the practices complained of" in the complaint to violate plaintiff's rights; (2) enjoin those practices; and (3) award plaintiff "all legal and equitable relief available under 42 U.S.C. § 1981." *Id.* at p. 6-7. Count I and the prayer for relief do not

2

specifically limit the relief plaintiff is requesting to Sunoco's denial, in February 2008 and May 2008, of promotion opportunities to plaintiff.

On August 12, 2010, defendant filed a motion to dismiss the complaint in part, or, in the alternative, a motion for partial summary judgment. *See* Dkt. 8. Defendant asks this court to dismiss all claims asserted against Sunoco that relate to the termination of plaintiff's employment, on the ground that plaintiff, on May 21, 2009, signed a release which waived all claims against Sunoco, except those relating to claims of discrimination in promotion decisions raised by plaintiff in his May 5 and July 10, 2008 internal complaints. *See* Dkt. 8, Def.'s Br. at 1-2. Defendant's motion includes the release as an attachment. *See id.* at Ex. A (hereinafter, "Release"). The Release states:

> In consideration of receiving enhanced severance pay and benefits under the Sunoco, Inc. Involuntary Termination Plan … I completely release, relinquish, waive and discharge Sunoco, Inc. . . . from all claims, liabilities, demands and causes of action or suits of any kind, known or unknown, fixed or contingent, of whatsoever kind of nature that I ever had, now have or may claim to have against the Company as of the date of the signing of this Release, including, but not limited to, those arising out of or in any way related to my employment with the Company or the termination of that employment.

*See id.* at Ex. A ¶ 2. The Release further states that "claims of race and gender discrimination that [plaintiff] raised on or about May 5, 2008 and July 10, 2008" are specifically not barred by the release. *Id.* Sunoco gave plaintiff information about the release on April 7, 2009, a few days after he was laid off, and gave him forty-five days to decide whether to sign it. *See id.*, Def.'s Br. at 3, 7. Plaintiff signed it on May 21, 2009. *Id.* at 3. In exchange for signing the Release, plaintiff received an enhanced severance

package. *Id.*

Plaintiff, in response to defendant's motion to dismiss, concedes that the Release "precludes [him] from asserting a claim that his layoff was a racially discriminatory constructive discharge and from recovering damages on such a claim." *See* Dkt. 12-2, Pl.'s Br. at 2. However, plaintiff argues that "the Release does not require dismissal of the Complaint in its entirety, nor does it preclude Bennett from taking discovery with respect to his contention that his layoff was racially discriminatory." *Id.*

## II. Analysis

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).[1]

Defendant's motion for partial summary judgment seeks to dismiss all claims asserted by plaintiff that relate to the termination of plaintiff's employment because plaintiff signed the Release. As noted above, Count I and the prayer for relief in plaintiff's complaint do not specifically limit the relief plaintiff is requesting to Sunoco's denial, in February 2008 and May 2008, of promotion opportunities to plaintiff. Thus,

---

[1] The court grants defendant's request for summary judgment, rather than its request for a motion to dismiss, because the Release was not attached to or mentioned in the complaint. *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (noting that, when ruling on a motion to dismiss, a district court "may not consider matters extraneous to the pleadings" unless the document is "integral to or explicitly relied upon in the complaint" (citations and quotations omitted)).

4

plaintiff's complaint can fairly be read to seek to recover damages for plaintiff's layoff by defendant. However, in his response to defendant's motion, plaintiff has conceded that the Release bars him from "asserting a claim that his layoff was a racially discriminatory constructive discharge and from recovering damages on such a claim." *See* Dkt. 12-2, Pl.'s Br. at 2. Thus, there is no dispute between the parties that the Release prohibits plaintiff from recovering damages for any claim arising from his layoff by defendant. Accordingly, the court will grant defendant's motion for partial summary judgment.[2]

**III. Conclusion**

For the reasons above, the court hereby GRANTS defendant's motion for partial summary judgment.

BY THE COURT:

/s/ Louis H. Pollak

Pollak, J.

---

[2] Plaintiff's brief argues that the Release does not preclude him from taking discovery with respect to his contention that his layoff was racially discriminatory. It is not necessary for the court to address this argument to resolve the present motion. If this question presents itself during discovery, the court will address it as needed.